IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHUCK OLIVER, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-1821 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| *Respondent*. | § | |

## ORDER OF DISMISSAL

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his 2008 state conviction. Public state court records show that petitioner was convicted of aggravated robbery, as enhanced by two prior felony convictions, and sentenced to life imprisonment in March 2008 in Brazos County, Texas. The conviction was affirmed on appeal.

A petitioner must fully exhaust state court remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with section 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). This exhaustion requirement is satisfied when the substance of the federal habeas claim is fairly presented to the Texas Court of Criminal Appeals on direct appeal or in state post-conviction proceedings. *Fisher v. State of Texas*, 169 F.3d 295, 302 (5th Cir. 1999). Exceptions exist only where there is an absence of available state corrective

process or circumstances exist that render the available process ineffective. 28 U.S.C. § 2254(b)(1)(B).

Petitioner does not state in his petition that he pursued post-conviction habeas relief in the state courts. A review of public online state court records shows that petitioner did not file an application for state habeas relief. Moreover, petitioner did not raise his instant habeas grounds on direct appeal, nor does he demonstrate an absence of available state corrective process or circumstances rendering the available process ineffective. Consequently, petitioner did not exhaust his habeas claims through the state courts prior to seeking federal relief with this Court, and his petition must be dismissed.

The petition is DISMISSED WITHOUT PREJUDICE for failure to exhaust. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on May 21, 2019.

_____
Gray H. Miller
Senior United States District Judge